SARTAIN, Judge.
Plaintiff, an inmate at Louisiana State Penitentiary, Angola, Louisiana, was injured on June 8, 1971, when he was attempting to dislodge an obstruction in a sewer line on the grounds of the penitentiary. He charges that the State of Louisiana, through the Department of Corrections, is negligent in (1) failing to provide plaintiff with a safe place to work; (2) failing to provide him with safe and proper tools; and (3) failing to maintain a proper sewer system. The State denied negligence and, alternatively, pled contributory negligence on the part of the plaintiff.
Plaintiff appeals from the judgment rejecting his demands. We affirm.
We are not favored with either oral or written reasons for judgment. Accordingly, we are not informed as to whether the trial judge’s decision is based on plaintiff’s failure to prove negligence on the part of the defendants or defendants’ plea of contributory negligence on the part of the plaintiff. However, for reasons hereinafter stated, we are satisfied that the result reached by the trial judge is correct.
On the date of the incident giving rise to this litigation plaintiff was a member of a crew under the supervision of Robert D. Hair, a maintenance supervisor with the Department of Corrections at Angola. The obstruction in the sewer line was to be removed by the use of a manually operated “roto-rooter” type device. This device consists of an auger, a series of steel rods (referred to by the witnesses as “sticks”), and a “T” handle. The rods measure approximately three and one-half feet in length and are very flexible. The auger is attached to the end of the first rod and is inserted into the sewer line. Additional rods are added so that the auger can be pushed through the sewer line to the point of the obstruction. When the desired length is obtained the “T” handle is then secured to the end of the last rod. By twisting the handle the auger is screwed into the obstruction. The rod-line is then pulled back, hopefully bringing the obstruction with it. Generally, one person can successfully pull the rod-line out of the sewer line. On some occasions, however, it requires the strength of two or more persons to pull the rod-line out. If the obstruction is particularly obstinate the rod-line may have to be removed with the aid of a vehicle or tractor.
The sewer line in the instant case is approximately two feet from the bottom of an eight foot manhole. Plaintiff got into the manhole and commenced assembling the auger, rods and “T” handle. When the auger had reached the obstruction, plaintiff attached the “T” handle and commenced twisting the handle so as to screw the auger into the obstruction. He readily admits that at this juncture Mr. Hair told him not to twist the rod-line too much as it would create excessive tension in the said rod-line. Nevertheless, plaintiff gave the rod-line several more turns and then endeavored to pull the obstruction out. He found that he could not do so alone. He states that he was in the process of handing the “T” handle up to one of his coworkers who was standing outside the manhole so that this co-worker could assist him in pulling the rod-line out of the sewer *638 pipe. He claims that as he was handing the “T” handle end of the rod-line up to his co-worker the handle slipped from his grasp and as a result of the tension in the rod-line the “T” handle unwound rapidly, striking him on the hand and head, causing him the injuries for which he seeks damages.
Mr. Hair testified that he warned the plaintiff about twisting the rod-line excessively. It is this witness’s testimony that the “T” handle slipped from plaintiff’s grasp as the plaintiff was in a crouching position in the manhole and before plaintiff attempted to hand the handle up to the assisting inmate.
We do not find that this conflict in the testimony, i. e., plaintiff’s position at the time he lost control over the “T” handle, makes any difference in the outcome of this case. The evidence is uncontroverted that plaintiff is very knowledgeable in the use of this device as he used the same to clear sewer lines at the penitentiary on almost a daily basis. In addition to this experience, plaintiff has followed the plumbing trade since 1952. By plaintiff’s own admission it is readily conceded that it was improper and dangerous to apply too much tension to the rod-line by twisting because of the possibility of being injured if the rod-line was permitted to unwind without restraint.
We do not find that the device used in the instant case is in itself inherently dangerous. Plaintiff, as stated above, was most adept in following the procedure attempted here and in the use of this equipment. We are compelled to hold that possessed of this knowledge plaintiff was negligent in twisting the rod-line excessively in the first instance and in permitting the “T” handle to escape his grasp in the second instance. Had he followed the instructions of his supervisor, Mr. Hair, or had he exercised that degree of caution which he professes should have been exercised, this accident would not have occurred.
Having found the plaintiff guilty of negligence it is not necessary that we discuss his charges of negligence against the defendants as outlined above.
Accordingly, for these reasons, the judgment of the district court is affirmed at plaintiff-appellant’s costs.
Affirmed.